1838.

Humbert

v.

Rector, &c. of Trinity Ch'ch.

</div>

---

## HUMBERT and others *vs.* THE RECTOR, &c. OF TRINITY CHURCH.

Where the complainant has a concurrent remedy in a court of equity and in a court of common law, time is as absolute a bar in equity as it is at law.

When it appears upon the face of the complainant's bill that the suit is barred by lapse of time, the defendant may demur to the bill on that ground ; and it is not necessary to set up that defence by plea in such a case.

On a bill in chancery for the recovery of the rents and profits of real estate, when it appears from the bill itself that the premises have been held adversely by the defendant for more than twenty years, if the complainant's case comes within any of the exceptions in the statute of limitations, the facts bringing the case within the exception must be stated in his bill, or the defendant may demur.

May 28.

THIS was an appeal from a decree of the vice chancellor of the first circuit allowing a demurrer to the complainants' bill, and dismissing the bill with costs. The bill was filed by the complainants, in behalf of themselves and of the other descendants of Annetje Jans Bogardus, and the heirs at law of her children, grand children, and devisees, for the recovery of certain tracts of land in the city of New-York, in the possession of the defendants ; and for an account of the rents and profits of the same. Various objections were raised by the demurrer to the complainants' right to discovery or relief ; and among others, that it was not alleged in the bill that the complainants, or those under whom they claimed title to the lands in the possession of the defendants, had been in possession of any part of such lands, since 1785 ; nor was it alleged that the defendants since that period had ever admitted or acknowledged that the complainants, or those under whom they claim title, had any right, title, estate, or

1838.

Humbert
v.
Rector, &c. of
Trinity Ch'ch.

interest therein, or in the rents and profits thereof; but on the contrary, that it appeared from the face of the bill that from 1785, down to the time of the commencement of this suit, the defendants had been in the exclusive and uninterrupted possession of the premises, under claim of title.

*H. W. Warner & G. Wood,* for the appellants. The bill is sufficiently certain as to the complainants' title. And the defendants' possession is also stated with sufficient certainty. (*Harrison* v. *Hogg,* 2 *Ves., jun.* 327.) The bill shows an equity for a discovery from the defendants. (3 *Mad.* 490. *Leroy* v. *Veeder,* 1 *John. Cas. in error* 417. 3 *John. Ch. R.* 467. 4 *Id.* 294.) We have a sufficient number of parties before the court. They are very numerous. Where a great many are interested, it is not necessary to make all parties. (*Rouse* v. *Barker,* 4 *Brown Parl. Cas.* 660. 2 *Vernon,* 214. *Norris* v. *Le Neves,* 3 *Atk.* 83. *Aston* v. *Lord Exeter,* 6 *Ves., jun.* 293. *Walburn* v. *Ingilby,* 1 *Mylne & Keene,* 77. 1 *Story Eq. Jur.* 574, 5.) Fraud prevents the application of the statute of limitations.

*P. A. Jay & D. B. Ogden,* for the respondents. The complainants' bill shows no sufficient title in them to any relief. It shows that some of them have no title, and ought not to have been parties. It also shows a good title in the defendants, to the lands in question. It does not set forth the claims of the complainants with sufficient certainty. On demurrer we may raise t.e objection of adverse possession. (2 *Sch. & Lef.* 633. *Hardy* v. *Reeves,* 4 *Ves., jun.* 479. *Foster* v. *Hodgson,* 19 *Id.* 180. *Mutloe* v. *Smith,* 3 *Anstr.* 709. *Cholmondeley* v. *Clinton,* 1 *Tur. & Russ.* 107. 4 *John. Ch. R.* 299. *Mitf. Pl.* 37.) Defendants are not bound to disclose their title deeds, nor any thing which will destroy their defence of the statute of limitations, or invalidate their title. (2 *John. Ch. R.* 150. 7 *Id.* 90. *Jer. Eq. Jur.* 262, 3.) Equity will not decree an account of rents on application of a party who has made no entry, or who is not in possession, or who has not recovered at law. (*Hutton* v. *Simpson,* 2 *Vernon,* 724. *Barnwall* v. *Simpson,* 3 *Ridg.*

*Cas.* 66. *Norton* v. *Frecker,* 1 *Atk.* 525. *Pulteney* v. *Warren,* 6 *Ves. jun.* 91. *Crow* v. *Terrel,* 3 *Mad.* 179.) If a discovery is asked to aid relief where the complainant is not entitled to relief, the bill for the discovery will be bad. A bill, in a case of fraud, must be filed within five years after discovery of the fraud. Presumptions will be raised to quiet an ancient possession. (*Cowp.* 215.)

THE CHANCELLOR. Various objections to the bill in point of form are raised by the demurrer, some of which I think are well taken; but as these might probably be obviated by amendments of the bill, I prefer to put my decision in this case upon an objection which goes to the merits, and which unquestionably cannot be obviated in any form of proceeding which can be adopted, either in this court or elsewhere. That objection is that the rights of the complainants, if those under whom they claim title had such rights as stated in the bill, are barred by lapse of time.

It is evident from the complainants' own showing that the defendants had been in the exclusive possession of the premises in controversy, claiming the same as their own, for more than forty years previous to the commencement of this suit; and no sufficient excuse is shown to take the case out of the general rule, that a suit in equity is barred by lapse of time if it is not instituted within twenty years after the complainants' right to commence proceedings in this court accrued. This rule is so well settled that it would be a useless waste of time to review all the decisions in this country and in England on the subject. I will therefore merely refer to a few of the more recent cases in which the existence of the rule is recognized. (*Cholmondely* v. *Clinton,* 4 *Bligh's Rep. O. S.* 1, *per Lords Eldon and Redesdale. Fenwick* v. *Macey's Ex'rs,* 1 *Dana's Rep.* 278. *Elmendorf* v. *Taylor,* 10 *Wheat. Rep.* 152. *Byrne* v. *Frere,* 2 *Malloy's Ch. R.* 157. *Terril* v. *Murray,* 4 *Yerg. Rep.* 04.) Here if the complainants would have had a right to come into this court, upon the case made by the bill, had such bill been filed in time, they still had a concurrent remedy in a court of common law. And in cases of that

kind, time is as absolute a bar to discovery or relief in equity as it would be in a suit at law, in analogy to the statute of limitations.

It was formerly doubted whether a defendant in equity could by demurrer make the objection that the remedy was barred by lapse of time, or whether he must not resort to his plea. But it now seems to be settled, that if it appears upon the face of the bill that the suit is barred by lapse of time the defendant may demur; and that if the case is within any of the exceptions of the statute the complainant must state the fact in his bill. (*Dunlap* v. *Gibbs*, 4 *Yerg. Rep.* 94. *Hoare* v. *Peck*, 6 *Sim. Rep.* 51. *Cuthbert* v. *Creasy*, 4 *Bligh's Rep. O. S.* 125. *Wisner* v. *Ogden*, 4 *Wash. C. C. Rep.* 631. *Fyson* v. *Pole*, 3 *Young & Coll. Rep.* 266.) Whether the complainants' case, therefore, is one of concurrent jurisdiction, or of equitable cognizance only, the remedy was barred by lapse of time long before the filing of this bill. And the decision of the vice chancellor, allowing the demurrer and dismissing the bill, must be affirmed with costs.