No. 17.—JOHN CALDWELL, plaintiff in error, *vs.* SEABORN MONTGOMERY and wife, defendants in error.

[1.] If the lapse of the period of limitation appear with certainty on the face of a bill, and there is nothing stated to avoid it, the objection may be taken by demurrer.

[2.] A bill filed for the recovery of damages, for the breach of a bond for titles, is a demand founded on a sealed instrument, and such a claim is not barred until twenty years after the accrual of the right of action thereon.

[3.] A creditor may, in Equity, follow the assets of his debtor into the hands of a distributee, whether real or personal; and the Statute of Limitations will not give to the distributee a title to the property, which will defeat the creditor's claim. But the creditor must sue upon his claim, within the statutory term applicable to it; if he does not, he will be barred, unless there is a reply to the Statute, which will prevent its operation.

In Equity, in Sumter Superior Court. Decision on demurrer, by Judge WARREN, November Term, 1849.

The bill, in this cause, filed by John Caldwell, 18th April, 1849, charged, that on 7th May, 1837, one Thomas S. Tondee,

Caldwell *vs.* Montgomery.

then of Walker County, sold to Caldwell a tract of land lying in Walker County, for $400, and gave a bond for titles—binding himself, his heirs, executors, &c. to make good warranty titles to the land by 1st December, 1837; that about the 5th December, 1837, Tondee, fraudulently professing to act as attorney for one John L. Grayson, an infant, made a deed to the land, having no written authority so to do; that in 18— Tondee died, without ever having paid the money stipulated in the bond, or made the titles to the land, as he was bound to do; that his widow, Julia Tondee, his only heir, became administratrix on the estate, and after paying other debts, turned over to herself, as sole distributee, the balance of the estate, and obtained letters of dismission.

The bill further charged, that in 1838, John L. Grayson having arrived at age, disaffirmed the unauthorized agency of Tondee, and executed a deed to his interest in the tract of land, to one John G. Blanc, for $200, and "said Blanc, on 1st January, 1845, made a deed to complainant."

The bill further charged, that the widow, Julia Tondee, subsequently intermarried with Seaborn Montgomery, and as a reason for the delay in instituting the suit, that complainant lived in Walker, and Tondee had removed to Sumter, and that complainant had heard that the estate of Tondee was insolvent, and that he was ignorant, until recently, of the residence of his widow.

The prayer was for a decree for two hundred dollars, with interest from the date of the contract, and for general relief.

To this bill, a demurrer was filed, on the grounds—

1st. That the bill did not make a proper case for the interposition of a Court of Equity.

2d. That the complainant was barred by the lapse of time and his own *laches.*

The Court sustained the demurrer, and this decision is assigned for error.

E. R. BROWN, for plaintiff in error, cited—

*Miller vs. McIntyre,* 6 *Pet. R.* 61.   *Graig vs. Summerville,* 4 *Cond. E. Ch. Rep.* 453.   *Gillespie vs. Alexander,* 3 *Ib.* 326.   *David vs. Trowd,* 7 *Ib.* 4.   *Ayres vs. Wilson,* 1 *Doug.* 385.   *Waters*

*vs. Ogden, Ib,.*452. *Alder vs. Chip,* 2 *Burr.* 756. *Cholmley. vs. Paxton,* 3 *Bingh.* 1.

B. HILL, (representing *King,*) for defendant, cited—

2 *Greenl. Ev.* §357, 4 *Kent,* 404, *and references. Story's Eq. Pl.* §§484, 814. *Trip vs. Talbrid,* 1 *Hill Ch. Rep.* 145. *Aikin vs. Hill, adm'r.* 7 *Ga. Rep.* 573.

*By the Court.*—NISBET, J. delivering the opinion.

Two questions were made upon this bill, before Judge *Warren,* in the Court below, by demurrer—

1. Whether the complainant was not barred by the Statute of Limitations; and

2. Whether there is equity in the case made.

The Court below held that there is no equity in the bill, and that the complainant is barred by lapse of time.

[1.] Upon the argument before us, some question was made, as to the right of a defendant in Equity, to avail himself of the Statute of Limitations, upon demurrer. It is proper, therefore, briefly to notice that question. Courts of Equity act upon the analogy of the law as to the Statute of Limitations, and will not entertain a suit for relief, if it would be barred at Law. Although it may be conceded—for it is true—that the Statute does not, in terms, apply to Courts of Equity, yet the principles upon which it is a bar, apply equally to parties in Equity, and parties at Law. It may be therefore stated to be well settled, that in all cases, where, at Law, the Statute would be a bar, it is the law of the Courts of Chancery. This being conceded, the question is, how is the Statute available in Equity? Is it available on demurrer, or must it be pleaded? *Lord Redesdale,* in his text, says that *length of time* has been considered as no defence, though apparent on the face of the bill, without any circumstance stated to avoid it by demurrer; and there is but little doubt, but that up to the time of his writing his treatise, it had been generally so held. He, himself, however, held differently afterwards, in *Hovenden vs. Annesly,* 2 *Sch. & Lefr.* 636 *to* 638. It is now well settled, that if the lapse of the period of limitation appear with certainty on the bill, and there is nothing stated to avoid it, the objection

Caldwell *vs.* Montgomery.

may be taken by demurrer. *Story's Eq. Plead.* §§484, 503, 751, *and notes. Foster vs. Hodgson*, 19 *Vesey*, 179. *Hoan vs. Peck*, 6 *Sim. R.* 51. *Mitf. Eq. Plead. by Jeremy*, 212, *note c. Stackhouse vs. Barnslow*, 10 *Vesey*, 466 *to* 470. *Aggas vs. Pickerell*, 3 *Atk.* 225. *Hardy vs. Reen.* 4 *Vesey*, 470. *Deloraine vs. Browne*, 3 *Bro. Ch. R.* 633, *and notes. Wisner vs. Barnett*, 4 *Wash. C. C. R.* 631. *See also* 3 *M. & C.* 499. 3 *Younge & Coll.* 266. 7 *Paige*, 195, *and Ib.* 373. 5 *Johns. Ch. R.* 521. 5 *Madd. R.* 328.

To a just consideration of the question of the Statute of Limitations, it is necessary to determine what is the character of the demand sought to be enforced by this bill. It is founded on the breach of a bond for titles, conditioned that warranty title shall be executed by the obligor to the complainant, at a specified time, to a tract of land. The bill avers a breach; that the obligor died intestate; that his widow administered on his estate, paid the debts, delivered to herself and appropriated as sole heir and distributee, the effects of the estate, and was dismissed by the Ordinary; and that she intermarried with Montgomery, who, with her, is a party defendant. The prayer is for discovery, and a decree that the defendants pay two hundred dollars, with interest, from the maturity of the bond, as damage sustained by its breach. It is, in short, a bill to follow and apply the estate of a decedent, in the hands of a distributee, to the payment of a debt due, as damages for the breach of a bond. We hold it a debt due by bond, and not, as argued, a demand due upon open account. It is a specialty debt, and would rank as such in the payment of debts by an administrator. And to this point, see *Davis and others vs. Smith and others*, 5 *Geo. Rep.* 288.

[2.] If it be a bond debt, the term of limitation is twenty years. Here, the term which has elapsed from the breach of the bond, (and that is the time when the right of action accrued,) to the suing out this bill, is something more than ten years. The plaintiff would not be barred at Law, in an action on this bond; nor is he here, in Chancery. His right of action had nearly ten years to run. We do not believe that the doctrine of stale demands applies to a claim not barred at Law, by half the statutory term. It does not, therefore, apply to this case.

[3.] The argument of the learned counsel is, that the title of the defendants to the property received from the estate of their ancestor; and the debtor in this case, is protected by the Statute

of Limitations. He says that, inasmuch as they have held possession, as distributees, of the land, for seven years, and of the personalty for four, that they have a statutory title, and therefore neither can be applied to the payment of this debt. The Statute of Limitations does not apply to this case, in that view of it, at all. The complainant is not setting up a title to the property; the suit is not for property. It is brought to recover a debt due by the ancestor of the defendants—a debt which, in Equity, will follow the estate of the debtor into whatever hands it may fall. By the averments in the bill, the estate, both real and personal, of the debtor, has gone into the hands of the defendant, by regular descent. Equity will lay hold of it, and appropriate it in payment. For, whilst debts are unpaid, there is nothing to distribute. The law makes a man just, before he can be generous; and when property is distributed, and debts remain unpaid, the distributee holds it, in character of trustee, for the creditor. As well might the debtor, in life, set up a title to his property by the Statute of Limitations, against the enforcement of his own debt, as his distributee. The Statute, however, will run in bar of the creditor's demand, in favor of the distributee, just as it would in favor of the original debtor, were he in life and sued. The plaintiff in this suit, as in others, must sue within time, at his peril. If, for example, this suit were after twenty years, (the term which bars bonds,) and the Statute pleaded, the complainant would fail, unless something could be replied, which would prevent the operation of the Statute. It is within time, and the Statute cannot avail the defendants.

We have no doubt about the equity of this bill. There is no question but that a creditor may pursue the assets of his debtor, in the hands of a legatee, distributee or purchaser from them. Questions of some nicety often arise in these cases, as to who shall be made parties—as to the liability, *first*, of the personalty, as to contribution, &c. &c.—none of which, happily, can be made in this case. The estate is charged to be ample for the payment of the debt—there are no other debts to pay—the defendant, Mrs. Montgomery, was the administratrix, and also, the *sole* distributee. All the estate went into her hands, first, as administratrix, and then as distributee. Having intermarried, her husband is also made a party. There is, therefore, nothing to hinder, in any view of it, a Court of Chancery from making a decree which

will do complete justice. *Hodges vs. Waddington*, 2 *Ventr.* 360. *Noel vs. Robinson*, 1 *Vern.* 94, *S. C. Newman vs. Barton*, 2 *Vern.* 205. *Gillespie vs. Alexander*, 3 *Russ. Ch. Cases*, 136, '7. 2 *Williams' Exr's*, 1041,970, 971. *Tripp vs. Talbrid*, 1 *Hill's Ch. R. S. C.* 142. 1 *Vern.* 162. *Corbet et al. vs. Johnson's Heirs*, 1 *Brockenborough*, 77.

Let the judgment be reversed.