Day, Chief Judge.
The court below sustained the demurrer to the petition on the ground that the action was barred by the statute of limitations. The action was for relief on the ground of fraud. It is, therefore, conceded that it comes within the limitation prescribed in the 15th section of the code, of four years after the cause of action accrued.
The plaintiff’s claim against C. T. Watson originated November 1, 1860. The deed to Emily Watson, his wife, which is claimed to be fraudulent, was made September, 5, 1865. Judgment was rendered on plaintiff’s claim in June, 1872. The petition in this case was filed November 12, 1872. It appears, then, that when this action was brought, more than four years had intervened after the date of the alleged fraudulent conveyance, but that a period less than that had elapsed from the rendition of the judgment on the plaintiff’s claim. Upon this state of facts, two questions are made:
1. Whether the cause of action accrued at the date of the alleged fraudulent conveyance to Emily Watson, or at the date of the judgment obtained against C. T. Watson.
2. If the cause of action accrued at the date of such conveyance, which appears by the petition to have been more than four years before the beginning of the suit, whether it was necessary for the plaintiff to aver in his petition that the discovery of the alleged fraud was not made until within the period fixed by the statute.
It may be coneeeded, that, without a statute authorizing it, no action can be maintained by a creditor to set aside a conveyance of real estate, made to defraud creditors, until he has reduced his claim to judgment. But in this state, such conveyances are controlled by statutory enactments.
By section 17 of the “ act regulating the mode of adminsttefing assignments in trust for the benefit of creditors,” *232 passed Apri 16,1859 (S. & C. 713), it was provided that all conveyances, made with intent to defraud creditors, should inure to the equal benefit of all creditors, in proportion to the amount of their respective claims ; and the probate judge, after any such conveyance was declared by a court of competent jurisdiction to have been made with such intent, on the application of any creditor, was required to appoint an assignee to take possession of the property and administer it as in other cases of assignment. That section, however, did not enact that any creditor might maintain an action to have such conveyances adjudged to be fraudulent, though any creditor might have an assignee appointed, after such adjudication had been duly made.
But, on February 12, 1863, this section was amended. (S. & S. 397.) It provides that all conveyances made to “ defraud creditors shall be declared void at the suit of any creditor;” and that the probate judge, on application of any creditor, after the conveyance is adjudged to be void, may appoint an assignee to take possession of the property and administer it for the benefit of the creditors. The section, moreover, requires “ any creditor,” who institutes such suit, to make publication thereof, and authorizes “ all creditors,” who wish to join in prosecuting the suit, to come in and share proqeeds and expenses equally with the creditor who brings the suit.
The section was otherwise amended, it is true, but there was no occasion for the amendment as to the party who might bring suit to have such conveyances declared void,' unless it was to extend the right beyond that of judgment creditors, so as to include “ any” and “all” creditors; for judgment creditors had an undoubted right to bring such suits under the section as it stood without this amendment.
Moreover, this view is consistent with .the remaining amendments of the section, made at the same time, to permit “ all creditors,” who may desire to come in and share in the fortunes of the case, to the exclusion of those who do not. There is no doubt but that any creditor may come *233 in under the notice published by the party bringing the suit, whether his claim is reduced to judgment or not; and there is no reason why a judgment should be required of the party bringing the suit more than there is of any other-party standing on an equal footing with him.
Nor can it be doubted but that any creditor, whether judgment creditor or not, may have an assignee appointed after the conveyance is declared void. It is quite apparent that it was equally the legislative intent that any creditor might bring the action to have the conveyance declared void. Such fraudulent conveyances are mere assignments for the equal benefit of all creditors, and the manifest purpose was to enable any creditor to institute the suit to enforce and secure the equal rights of all, without being subjected to the antecedent delay of getting a judgment, which might prove disastrous to the rights of all. The law, then, as it now stands, permits any creditor, whether he has a judgment on his claim or not, to institute and maintain -such actions.
Since, then, the obtaining of a judgment on the plaintiff’s claim against C. T. Watson was not essential to his right of action to have the alleged fraudulent conveyance .declared void, and since he was a creditor of the alleged fraudulent grantor at the date of the conveyance, it follows that his right to maintain such action existed from that time.
This view of the case makes it necessary for us to con•sider the second question made by the demurrer, as to whether it was necessary for the plaintiff’ to aver in his ■petition that the discovery of the alleged fraud was not made until within the period of four years before the action was brought.
The land was bought and paid for by C. T. Watson, and the conveyance was made to Emily Watson, for the alleged fraudulent purpose, more than four years before the beginning of the suit. These facts appear upon the face of the petition. The action was, therefore, barred by the statute of limitations, unless it is saved by the fact that the alleged *234 fraud was not discovered by tbe plaintiff until within the-period fixed by tbe statute. The petition contains no such averment. The question is, whether it was necessary that the petition should contain that averment.
The 15th section of the code, which provides that “ actions for relief on the ground of fraud” shall be brought within four years “ after tbe cause of action shall have accrued,” declares that “the cause of action in such cases shall not be deemed to have accrued until the discovery of the fraud.”
Undoubtedly the plaintiff’s cause of action was complete, and, therefore, “accrued” at the time the fraudulent conveyance was made. The discovery of the fraud was not essential as a ground of action. A discovery of the fraud merely informs a party of an existing cause of action, and enables him to enforce it. The provision merely secures a party from the running of the statute as a limitation against an existing cause of action, until he discovers that ho has such cause of action. No matter when the cause of action accrued, for the purpose of applying the limitation of the statute, it “ shall not be deemed to have accrued until the discovery of the fraud.”
In construing a provision in the statute of limitations of New York, which is substantially like that of our own,. Grover, J., in delivering the opinion of the court of appeals, in Gates v. Andrews (37 N. Y. 657), says:
“ It is argued, by the counsel for the respondents, that the construction of the above clause is, that the action be deemed as accruing upon the discovery of the fraud by the-party aggrieved thereby, whether the right of action is then perfect or not. I think this construction erroneous. The provision is, not that the cause shall be deemed to accrue upon such discovery, but, to prevent the running of the statute, it shall not be deemed to have accrued before such discovery; thereby providing for a class of eases where the right of action was perfect, but became barred by the statute before the discovery of the facts upon which such right depended.”
It was not, then, necessary for the plaintiff to aver in his- *235 petition a discovery of the fraud in order to show a perfect cause of action. Nor would it have been a good ground of demurrer, if the petition had merely failed to show when the cause of action accrued. Houston v. Craighead, 23 Ohio St. 198. But it affirmatively shows that the action accrued more than four years before the suit was brought. The statute was, therefore, available upon demurrer. Sturges v. Burton, 8 Ohio St. 215; Ang. on Lim. 317, § 294.
Inasmuch, then, as it appeared on the face of the petition that the fraud, upon which the aption was based, occurred more than four years before the'action was brought, to save it from the statutory bar, it was necessary to aver that the fraud was not discovered until a time within that period, in order to come within the saving of the statute, that “ the-cause of action in such cases shall not be deemed to have accrued until the discovery of the fraud.”
Having made a case showing that his cause of action, in fact, accrued more than four years before the suit was brought, if the plaintiff would avail himself of the light to claim that it shall not be “ deemed ” to have accrued until within that time, he must aver the fact which alone can bring him within the saving provision of the statute. This would be nothing more than a compliance with the ordinary rule in regard to the pleading of exceptions under the statute of limitations. Ang. on Lim. (6 ed.), 317, § 294.
The saving clause of the statute in question, is a substantial embodiment of the rule applied by courts of equity, in suits for relief on the ground of fraud. In such cases the statute was not regarded as running until the fraud was discovered. But it was necessary for the complainant to-allege that the fraud was unknown, till within the time allowed by the statute. Carr v. Hilton, 1 Curtis’ Rep. 390; Stearns v. Paige, 7 How. 829; Humbent v. Trinity Church, 7 Paige Ch. 195; Field v. Wilson, 6 Ben. Mon. 479.
It follows that the demurrer to the petition was properly sustained, aud that there was, therefore, no error in the rulings of the court below.

Judgment affirmed.

"Wright, <L, did not sit in the case.