## MERCER v. HUDGINS et al.

1. The special demurrers filed in this case were without merit.
2. The question made by the general demurrer is ruled adversely to the defendant offering it, by the decisions in the cases of *Williams* v. *Lancaster*, 113 *Ga.* 1020 (39 S. E. 471), and *Bailey* v. *McAlpin*, 122 *Ga.* 616 (50 S. E. 388).
3. The verdict complained of was demanded by the evidence, and the court did not err in directing the jury to find the same.

MAY 18, 1916.

Equitable petition. Before Judge Cox. Dougherty superior court. August 28, 1915.

Alexander Hudgins and Jesse Hudgins brought their petition against Sallie B. Leary and John R. Mercer, and alleged as follows: Alexander Hudgins Sr. died in the year 1892, leaving as his heirs at law the petitioners and his widow Sallie B., who subsequently intermarried with Joseph Leary. Sallie B. Leary (then Hudgins) qualified as administratrix of the estate on December 6, 1909, and executed a bond with John R. Mercer as security. On February 1, 1910, in pursuance of an order of the court of ordinary duly granted, and after due advertisement, the administratrix exposed for sale at public outcry the property of the estate, consisting of certain described tracts of land containing in the aggregate 1062 acres. The land was duly knocked off to Mercer as the highest and best bidder for the sum of $5,200; and on the day of the sale an administratrix's deed was duly executed, conveying the lands to him, and reciting the sum mentioned as the consideration. No part of this sum has ever been paid to the administratrix by Mercer, and the administratrix has never collected any part of it, but she has, without authority of law, extended credit to Mercer and has neglected to collect the sum bid for the land, without taking from him any security for its payment. The defendants fail and refuse to come to an accounting and settlement and to pay them their portion due from the estate, which they are advised consists solely of the sum due for the purchase-price of the land. The time is ripe for a settlement and accounting by the administratrix, and petitioners are entitled to recover of her and her surety whatever sum may be found to be due them. They pray for an accounting of the amount due them as distributees of the estate, and that they have judgment against the administratrix and Mercer as her security.

Mrs. Leary filed no defense. Mercer submitted a demurrer and a plea and answer. His demurrer was overruled. Upon the trial the court directed a verdict in favor of petitioners for two thirds of the amount of the purchase-price of the land, with interest at seven per cent. Mercer filed a motion for a new trial, which was overruled, and he excepted.

*R. R. Jones,* for plaintiff in error.

*Benton Odom* and *Pottle & Hofmayer,* contra.

BECK, J. (After stating the foregoing facts.)

1. The special demurrers filed in this case were without merit.

2. The question made by the general demurrer is ruled adversely to the defendant offering it, by the decisions in the cases of *Williams* v. *Lancaster,* 113 *Ga.* 1020 (39 S. E. 471), and *Bailey* v. *McAlpin,* 122 *Ga.* 616 (50 S. E. 388).

3. The uncontroverted evidence shows that the defendant, Mercer, had the land offered for sale by the administratrix, as set forth in the statement of facts, knocked off to him as the highest and best bidder. An administratrix's deed duly executed was tendered to and received by him, though he claims to have repudiated the sale and to have immediately handed the deed back, and that he never afterwards exercised dominion over the property. As to his contention that he never exercised dominion over the property, the same is completely overcome by the uncontroverted testimony that he subsequently executed a quitclaim deed to the property and received, in consideration therefor, an amount stated by one witness to be about $2100, and admitted by Mercer to have been some $1200. When this suit was brought the time was ripe for a settlement. The title to the land had passed out of the estate of the administratrix's intestate. Under the evidence the title has passed into other parties; and if the verdict and judgment in this case should be set aside, the distributees, the petitioners, will have lost their patrimony, and the administratrix and the surety on her bond will have wasted it and escaped liability. This is a plain case for the direction of a verdict; and the court properly assumed the responsibility in directing the jury to make the finding of which the plaintiff in error complains.

The evidence upon which the plaintiff in error relies to show that Jesse Hudgins was estopped from insisting upon his demand was entirely too vague and indefinite to raise an estoppel.

*Judgment affirmed. All the Justices concur.*