MORRISON *et al. v.* FIDELITY & DEPOSIT COMPANY
OF MARYLAND *et al.*

ATKINSON, J.   1. Where a person dies owing a debt, his creditors may in equity follow assets left by such person in the hands of a distributee; and where the assets received by the distributee are sufficient to pay the debt, the creditors may obtain a personal judgment against the distributee for the amount of his debt. *Caldwell* v. *Montgomery*, 8 *Ga.* 106; Civil Code, § 3785.

2. In such case the creditor must sue upon his claim within the statutory term applicable to his case against the decedent. *Caldwell* v. *Montgomery*, supra.

3. Where the debt is for damages from a breach of a bond, the term of limitations is twenty years from the breach of the bond. *Caldwell* v. *Montgomery*, supra. This applies to actions for breach of bonds for title to land, as ruled in the case cited, and to actions for breach of official bonds of sheriffs in this state. *Harris* v. *Black*, 143 *Ga.* 497 (85 S. E. 742); *Slaton* v. *Morrison*, 144 *Ga.* 473 (87 S. E. 390).

4. An agreement by a principal with his surety that the former will "indemnify, and keep indemnified, the said company from and against

any and all loss, costs, charges, suits, damages, counsel fees, and expenses of whatever kind or nature which said company shall or may for any cause, at any time, sustain or incur, or be put to, for or by reason or in consequence of said company having entered into or executed said bond," will authorize the company to recover reasonable attorney's fees incurred for prosecuting a suit for reimbursement of money paid out by the surety on account of the principal's breach of his bond. A contract of the character just indicated does not fall within the operation of the Civil Code, § 4252, relative to the giving of ten days notice. *Oliver Typewriter Co.* v. *Fielder,* 7 *Ga. App.* 525 (67 S. E. 210).

5. Applying the principles ruled above, the petition for intervention in this case was not subject to demurrer on the ground that it did not set forth a cause of action, or that the cause of action was barred by the statute of limitations.

6. The case differs on its facts from *Morrison* v. *Slaton,* 148 *Ga.* 294 (96 S. E. 422), in which the plaintiff was not the plaintiff in this case, and there was no issue in that case between the plaintiff therein and the defendant in this case. The ruling there made is not res adjudicata as to the present case. 15 R. C. L. § 487. In deciding that case the court overlooked the case of *Caldwell* v. *Montgomery,* supra, which was controlling. · In so far as the decision in the *Morrison* case rules that a different statute of limitations would apply to an action against the administrator of the estate of the distributee of the deceased principal named in the bond than would apply to the surety on the bond, that decision must yield to the older case of *Caldwell* .v. *Montgomery,* supra, and will not be followed.

7. The petition for intervention also set forth a cause of action against the surety on the bond of the administrator of the distributee, and that surety was a proper party to the case. *Bailey* v. *McAlpin,* 122 *Ga.* 616 (50 S. E. 388). *Mercer* v. *Hudgins,* 145 *Ga.* 289 (88 S. E. 966).

8. The judge did not err in overruling all the general and special grounds of demurrer to the petition for intervention.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent on account of sickness.*

No. 1307. FEBRUARY 28, 1920.

Intervention. · Before Judge Hammond. Richmond superior court. January 20, 1919.

*W. H. Fleming,* for plaintiffs in error. *Barrett & Hull,* contra.