### 21103. AMERICAN SURETY COMPANY *v.* DAVIS.

DECIDED APRIL 1, 1931.

*Louis S. Moore, Clifford E. Hay,* for plaintiff.
*Titus & Dekle,* for defendant.

BROYLES, C. J. The American Surety Company sued Gordon E. Davis, sheriff of Thomas county, to recover expenses which it, as surety on his official bond, had incurred in defending a suit for damages brought against him as sheriff, and against one of his deputies and the American Surety Company, by a widow, for the alleged tortious homicide of her husband by the deputy. The petition set forth that in defending the suit the plaintiff had expended $750 for attorneys' fees, $20 for bringing witnesses from another county, and $6 for traveling expenses of attorneys. The demurrer, both general and special, interposed to the petition was overruled, and to that judgment no exception was taken. The application for the bond made to the plaintiff and signed by the defendant contained the following provision: "The undersigned further binds himself, his heirs, executors, administrators and assigns to indemnify and keep indemnified the surety from and against any liability, loss, costs, charges, suits, damages, counsel fees, and expenses of whatever nature, which the surety shall or may for any

cause, at any time, sustain or be put to in consequence of the surety having executed said bond, or any renewal, continuation, extension, or modification thereof." Upon the trial the undisputed evidence showed that the plaintiff had in good faith expended the sums of money alleged in the petition in defending the damage suit referred to in the petition; that the amounts were fair and reasonable, and that the defendant had failed and refused to pay back to plaintiff any of said sums.

Under the above-quoted provision in the application for the bond, and the other facts of the case, a finding was demanded in favor of the plaintiff for the full amount sued for, and the verdict for the defendant was contrary to law and the evidence, and the court erred in overruling the motion for a new trial. As this ruling is controlling in the case, the other assignments of error will not be considered.

*Judgment reversed. Bloodworth, J., concurs. Luke, J., disqualified.*