In re NATIONAL BUY–RITE, INC.

William G. McDANIEL, Trustee,
Plaintiff,

v.

George BUSBEE as Governor of the
State of Georgia, et al., Defendants.

Bankruptcy No. 80–00309A.
Adv. No. 80–0559A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

June 25, 1981.

Alan L. Dye, McDaniel, Chorey & Taylor, Atlanta, Ga., for William G. McDaniel.

C. Lawrence Jewett, Atlanta, Ga., for American Druggists.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

National Buy-Rite, ("Buy-Rite"), a corporation which provided buying services to its members, filed a petition under Chapter 7 of the Bankruptcy Code on January 31, 1980. William G. McDaniel, ("Plaintiff"), trustee for the estate of Buy-Rite, commenced this adversary proceeding for declaratory judgment on July 15, 1980. With three exceptions, the defendants consist of Buy-Rite's members. Plaintiff seeks a judgment declaring that none of the defendants, except for those who have submitted a proof of claim in this bankruptcy case, has a claim against Buy-Rite or American Druggists Insurance Company, ("American Druggists"). It is additionally requested that the Court order the turn over of a $12,500.00 security deposit held by American Druggists.

Under Georgia law Buy-Rite was required to maintain a surety bond payable to the Governor of Georgia to cover any losses sustained by its members as a result of Buy-Rite's fraudulent misrepresentation or breach of contract. American Druggists served as surety for Buy-Rite pursuant to a contract entered into on August 14, 1979. The liability of American Druggists was limited to $25,000.00. Buy-Rite was required to deposit $12,500.00 with American Druggists as collateral for the surety con-

tract by the terms of a "Collateral Security Receipt and Agreement", ("the Agreement"). After Buy-Rite filed for bankruptcy, Plaintiff initiated an adversary proceeding to recover this security deposit. American Druggists now claims to be entitled under the Agreement to reimbursement of attorney's fees incurred in defending in Plaintiff's action.

A hearing on Plaintiff's complaint for declaratory judgment was held on October 21, 1980. Pursuant to the Court's request, the interested parties drafted an order resolving all of the issues in this case except for American Druggists' claim for attorney's fees. This issue has been submitted on briefs for resolution by the Court.

■ Essentially, the dispute involved herein is a matter of contractual interpretation. The determination of this issue requires an examination of the language of the contract in order to ascertain the intent of the parties. *Goff v. Cooper*, 110 Ga.App. 339, 138 S.E.2d 449 (1964). The pertinent provisions of the Agreement read:

"The collateral security, together with income thereon, is pledged and deposited with Surety as security:

(a) Against any and all liability, loss, costs, damages, expenses, premiums and attorney's fees arising or incurred in connection with the above captioned bond, or any other bond, recognizance, undertaking or other obligation (all of which, together with any continuations and modifications thereof, are hereinafter referred to as bonds), heretofore or hereafter executed, assumed or procured by Surety at the instance or request or on behalf either of Owner or of the principal above named; . . .

(d) Against any liability, loss, costs, expenses and attorney's fees in connection with any claim to the collateral security by persons claiming adversely to Owner; . . ."

■ Generally, expenses of litigation, including attorney's fees, are not recoverable by a litigant against the opposite party except in those cases which are specifically provided for by contract or by statute.

*Harrison v. Harrison*, 208 Ga. 70, 65 S.E.2d 173 (1951); *Hickman v. Frazier*, 128 Ga. App. 552, 197 S.E.2d 441 (1973). It is clear that under the Agreement American Druggists is entitled to be reimbursed for attorney's fees incurred under certain circumstances.

Plaintiff contends that American Druggists' contractual right to be reimbursed for attorney's fees is limited to such fees incurred in connection with defending against claims asserted against the $12,500.00 security deposit by persons claiming adversely to Buy-Rite or in connection with defending against claims against American Druggists as surety. American Druggists argues that the language of the Agreement is sufficiently broad to encompass the attorney's fees sought herein. Cited as support for this position are *American Surety Company v. Davis*, 43 Ga.App. 145, 157 S.E. 912 (1931); *Morrison v. Fidelity and Deposit Company of Maryland*, 150 Ga. 54, 102 S.E. 354 (1919); *Great American Indemnity Company v. Beverly*, 150 F.Supp. 134 (M.D. Ga.1956).

Each of the cases cited by American Druggists involved the interpretation of a provision in a surety contract similar to Paragraph (a) of the Agreement. In all three cases attorney's fees had been incurred by the surety in defending against claims against the surety bond. Reimbursement for the attorney's fees was allowed in *American Surety Company v. Davis, supra* and *Great American Indemnity Company v. Beverly, supra*. *Morrison v. Fidelity & Deposit Company of Maryland, supra* involved a slightly different issue. There it was held that the surety was entitled to recover attorney's fees incurred in prosecuting a suit for reimbursement of money paid out by the surety for breach of the bond.

These cases may be distinguished from the instant proceeding for Plaintiff's action to recover the security deposit from American Druggists is not based on a claim against the surety bond. Plaintiff merely seeks the recovery of an alleged asset of Buy-Rite's estate. As Plaintiff's adversary

proceeding is not an action on the bond, attorney's fees are not recoverable under Paragraph (a) of the Agreement.

Under Paragraph (d) of the Agreement American Druggists may recover attorney's fees incurred in connection with any claim to the collateral security by persons claiming adversely to the owner. Plaintiff has asserted a claim to the collateral security held by American Druggists. However, Plaintiff does not assert any personal right to the fund as against Buy-Rite; rather, Plaintiff, as representative of Buy-Rite's estate, seeks to recover this asset for the benefit of Buy-Rite's creditors. Because Plaintiff does not claim the security deposit adversely to Buy-Rite, the Court concludes that the attorney's fees incurred by American Druggists in defending in Plaintiff's action do not give rise to a claim for reimbursement under Paragraph (d) of the Agreement.

After examining the language of the Agreement, the Court concludes that American Druggists' right to reimbursement for attorney's fees must be limited to those situations expressly provided for in Paragraphs (a) and (d) of the Agreement. To interpret the contract otherwise would be to rewrite the contract executed by Buy-Rite and American Druggists. This the Court cannot do. Accordingly the Court determines that American Druggists is not entitled to reimbursement for attorney's fees incurred in defending in Plaintiff's action to recover the security deposit. It is therefore

ORDERED that American Druggists may not retain from the $12,500.00 security deposit a sum equal to the amount of the attorney's fees incurred by American Druggists in defending in Plaintiff's action to recover said deposit.