In re Fred L. **CUNNINGHAM**, Janet Sue **Cunningham**, Debtors.

**Bankruptcy No. A86–09478–WHD.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Oct. 20, 1987.

Robert D. Schwartz, Clark & Smith, P.C., Atlanta, Ga., for debtors.

Claude M. Kicklighter, Jr., Bovis, Kyle & Burch, Atlanta, Ga., for Transamerica Ins. Co.

### ORDER

W.H. DRAKE, Jr., Bankruptcy Judge.

On July 23, 1987, the above-referenced debtors ("the Cunninghams") filed an objection to the allowance of the claim of Transamerica Corporation ("Transamerica"). Following a hearing on the objection, the Court requested briefs from the

parties in support of their respective positions regarding the allowance of attorney fees under an indemnity agreement. The facts are as follows:

The debtors' business, Cunningham Construction, Inc., obtained a Georgia Department of Transportation contract for the construction of a truck weighing building. Transamerica provided a construction bond for the business. In return, the Cunninghams executed an indemnity agreement for the benefit of Transamerica. In part, the indemnity agreement provided:

> The Contractor and Indemnitors [the Cunninghams] shall exonerate, indemnify, and keep indemnified the Surety [Transamerica] from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement.

The Cunninghams argue that only those fees incurred by Transamerica in honoring the construction bond itself are allowable, while attorney fees incurred relating to pursuing indemnification are not allowable.

The Court disagrees with the Cunninghams' interpretation of the indemnity agreement, for under subparts (2) and (3) of the above quoted language, the Cunninghams are obligated to indemnify Transamerica for losses and/or expenses relating to the enforcement of the covenants and conditions of the agreement. The indemnity agreement explicitly provides that the Cunninghams will indemnify Transamerica from liability for losses and/or expenses, including attorney fees, incurred in enforcing any of the covenants of the agreements. As indemnification is a covenant of the agreement, this Court holds that Trans-

america's claim for attorney fees incurred in pursuing indemnification is allowable.

The Cunninghams next argue that if the attorney fees are allowable, then O.C.G.A. § 13–1–11 governs and limits their satisfaction. While O.C.G.A. § 13–1–11 governs the validity and enforcement of certain contractual obligations to pay attorney fees, there appears to be a case law exception for indemnity agreements which provide for attorney fee recovery. Under an earlier codification of this statute, a Georgia court ruled that an indemnity agreement between a principal and his surety will allow the surety to collect reasonable attorney fees and will not fall under the statutory requirements for collection of such fees. *Morrison v. Fidelity & Deposit Company of Maryland*, 150 Ga. 54, 55, 102 S.E. 354 (1920). In a more recent case, in which the indemnity agreement was similar to the one between the Cunninghams and Transamerica, a Georgia court held that:

> The suit for attorney fees here does not come within the requirements of this statute. The indemnity agreement here clearly states that the undersigned parties "agree to pay to Surety upon demand: [a]ll loss and expense, including attorney fees incurred by Surety ... on account of any breach of this agreement by any of the undersigned."

*United Rentals Systems, Inc. v. Safeco Insurance Company*, 156 Ga.App. 63, 68, 273 S.E.2d 868 (1980).

In following this indemnification exception, the Court holds that the Transamerica indemnity agreement, not O.C.G.A. § 13–1–11, governs the recovery of reasonable attorney fees incurred by Transamerica and that such claims are allowable under the terms of the agreement.

Accordingly, it is ORDERED that debtors' objection to Transamerica's claim for attorney fees incurred in pursuing indemnification is DENIED.