28960. WHITNEY *et al. v.* HAGAN.

DECIDED SEPTEMBER 27, 1941.

*William S. Shelfer,* for plaintiffs.
*William F. Buchanan,* for defendant.

GARDNER, J. The plaintiffs instituted suit against the defendant for rent of a lot in the City of Atlanta. The claim for rent arose impliedly out of an option agreement between the parties. A demurrer to the petition was sustained, and the plaintiffs excepted. The pertinent provisions of the option contract are as follows: (1) "Whereas there exists between the two parcels above set out a strip of ground fifty (50) feet wide marked 'Reserved for Street' and designated as Lot 'C' upon the plat above referred to, which strip," particularly described. . . (2) "Whereas the party of the second part herein desires the option and privilege of purchasing said fifty(50)-foot strip above described, and the parties of the first part desire to grant said option and privileges to purchase in the event said strip is not finally dedicated to the public for street purposes, and subject to certain conditions hereinafter mentioned." (3) "Now therefore, in consideration, . . it is mutually agreed by the parties as follows:" (4) "The parties of the first part hereto are to have the privilege, during four years and six months from the date of this agreement, of deciding to either dedicate the fifty(50)-foot strip above described for street purposes or to sell said strip." (5) "If the parties of the first part herein decide to sell, the said parties of the first part agree to give notice to the party of the second part herein, his heirs and assigns, to this effect and an option for sixty (60) days from the date of such notice to buy for eight thousand ($8000) dollars, upon the following terms:

. ." (6) "If the party of the second part herein, his heirs and assigns, fails to exercise the right to purchase under the above option, the parties of the first part herein are to have the free and unrestricted right to make such disposition and use of the property as they see fit." (7) "If the desire is to dedicate the ground for a street, notice is to be given to the party of the second part, his heirs and assigns, to this effect, and the parties of the first part herein agree within a reasonable length of time to execute and deliver a deed conveying said strip to Fulton County, Georgia, for street purposes." (8) "If, during the four years and six months mentioned above, the party of the second part, his heirs and assigns, has received no notice of a decision to either dedicate or sell said strip, he is then to have the privilege of demanding a decision from the parties of the first part, their successors, heirs and assigns, within ninety days from the date of the expiration of said period of four years and six months; then, if no decision is reached by the parties of the first part, their successors, heirs and assigns, within said ninety days, the party of the second part may either exercise the option to buy upon the same terms and conditions as outlined above, or require the dedication of the ground for a street." (9) "The parties of the first part, their successors, heirs and assigns, further agree that the party of the second part, his heirs and assigns, shall have the use of the fifty(50)-foot strip above referred to, same to be used free of all expenses to the party of the second part until such time as the parties of the first part, their successors, heirs and assigns, dedicate said strip for a street, or until said strip is sold as above set forth." For convenience we have numbered the above paragraphs taken from the contract.

It is agreed by both parties in this court that the contract is free from ambiguity. This being true, it is the duty of the court to construe it. In construing contracts it is the duty of the court to put a fair and reasonable construction thereon. It was held in *Empire Mills Co.* v. *Burrell Engineering &c. Co.*, 18 *Ga. App.* 253 (89 S. E. 530): "In construing every contract it is necessary to look to the purpose intended, and where two constructions are possible, one unreasonable and the other reasonable, to give to the instrument the reasonable construction which would serve to put into effect the evident purpose of the agreement." Let us analyze this contract. The plaintiffs owned a lot lying between lots owned by

the defendant. The plaintiffs contracted with the defendant that the plaintiffs would decide within four and one-half years as to whether the plaintiffs desired to dedicate the lot or tract in question to Fulton County for a street, and execute a deed of dedication therefor to Fulton County, or failing to so dedicate, would give to the defendant a sixty-day option to purchase the property for $8000. In either event the plaintiffs were obligated to give the defendant notice of their decision. Therefore the contract in its provisions is clear. It is well to note as we proceed from this point that it is provided in paragraph 4 of the contract that the plaintiffs reserved a period of four and one-half years as the time within which they had the right to decide to dedicate or to decide to sell. Paragraph 5 obligates the plaintiffs, upon reaching a decision, to notify the defendant. This decision under the contract could have been reached by the plaintiffs one day after the execution of the option or one day before it expired. The next obligation of the plaintiffs was to give notice of this decision to the defendant. Upon complying with this obligation, if it was a decision to sell, the defendant, under paragraph 5, obtained the right to purchase the tract for $8000 within sixty days. In order to bring the pleadings along with the construction, it might be well here to state that the allegations of the petition show that within three years and four months and twenty-nine days the plaintiffs notified the defendant, in accordance with the terms of the option, that they had decided to sell, and that the defendant had sixty days in which to purchase the property for the price stipulated in the option. According to the record, nothing more was done or said by either party until this suit was instituted by the plaintiffs for the recovery of eight years of rent, from sixty days from the date of the notice to the date of the institution of this suit.

The defendant contends by his demurrer that paragraph 9 of the contract gave him the right to the free use of the lot in question, after his option expired, for an unlimited time, unless the plaintiffs sold the tract to a third person. This construction seems to be based on the following words of the paragraph "or until said strip is sold as above set forth." The defendant seems to have entirely overlooked the preceding paragraph 6, which should prevail in the construction of this contract if it does conflict with paragraph 9, because of its precedent place, it being a cardinal rule in

the construction of contracts that in the event of an irreconcilable conflict the preceding paragraph prevails. *West* v. *Randle, 79 Ga. 28, 32 (3 S. E. 454).* Paragraph 6 reads: "If the party of the second part herein . . fails to exercise the right to purchase under the above option, the parties of the first part herein are to have the free and unrestricted right to make such disposition and use of the property as they see fit." It will seem clear from this paragraph that whatever right the defendant had either to purchase the property or to use it "free of all expenses" expired with the sixty-days notice of the decision of the plaintiffs "to sell." Therefore it seems to us that the only interpretation, in order to give a fair and reasonable construction to the contract as a whole, is to determine that the words in paragraph 9, "or until said strip is sold, as above set forth" should, under the whole setting, provisions, and wording of the contract, be construed to mean "or until said strip is decided to be sold, or until the decision 'to sell,' or the decision 'to dedicate,' and notice of such decision to do either is conveyed to the defendant in accordance with the terms of the contract." It follows that after the expiration of sixty days from the notice, to wit, November 16, 1932, the defendant had no further right to the free use of the property, and the plaintiffs, under paragraph 6, had the right thereafter to sell it or retain it and to use it "as they saw fit" by renting it or otherwise subjecting it to their lawful uses and benefits. Particularly does this construction seem reasonable to us when viewed in the light of paragraph 8. It will be noted that the provisions of this paragraph inured to the benefit of the defendant. It is set out therein that in the event the plaintiffs failed to make a decision to dedicate or sell, the defendant in that event was clothed with the right, at his option, to force a sale or a dedication. He did neither. The construction which we have placed on this contract seems not only reasonable but just and equitable, and as that expressing the true intention of the parties. The court erred in sustaining the demurrer to the petition.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*