34552. ATLANTA BAGGAGE & CAB COMPANY *v.* LOFTIN.

DECIDED APRIL 15, 1953—REHEARING DENIED MAY 2, 1953.

*Douglas, Evans & Cole,* for plaintiff in error.

*Irwin & Dyer, Osgood O. Williams,* contra.

TOWNSEND, J. ■ Code § 20-704 (7) provides as follows: "When a contract is partly printed and partly written, the latter part is entitled to most consideration." So construed, the lease, which provides that the lessor "will pay the cost of the remaining portion of the duct" not "inside the premises leased," does not show on its face: (a) that the lessor was merely called upon to install the outside portion of the duct after it had been purchased by the lessee, or (b), in connection with the printed provision, that the lessee should have done this work because the same was demanded in compliance with a governmental order. If there was in fact an ambiguity in the lease as to the party upon whom the duty devolved of doing the outside construction work to eliminate kitchen fumes, then the court properly overruled the general demurrer on this ground and left the construction of the lease agreement to the jury. *Swanson v. Mobley,* 33 *Ga. App.* 791 (127 S. E. 806); *Pidcock v. Nace,* 15 *Ga. App.* 794 (3) (84 S. E. 226). There was no ambiguity as to the facts, that (a) the parties intended that a duct should be installed extending from the kitchen portion of the premises

to the roof level of the adjoining six-story building, and (b) that the cost of the outside portion of this installation was to be borne by the defendant. However, the lease does not mention the details of construction of the duct, and no question is raised by the pleadings as to the manner or type of installation to be furnished, it being simply alleged that "the lessee will pay the cost for the installation of the portion of the duct work inside the premises leased herein. The lessor will pay the cost of the remaining portion of the duct." The trial court therefore properly overruled the general demurrer, stating in his opinion that "the question of whether defendant was required to affirmatively construct the duct referred to in section 36 of the lease agreement must be determined in favor of the plaintiff." The court also properly charged that, "under the terms of the contract, the defendant was obligated to build the duct from the roof on up the side of the 6-story building known as No. 20 Houston Street." These rulings did not dispose of an ambiguity in the contract as disclosed by the evidence in the case, more fully discussed in the third division of this opinion, as to whether the lessor's obligation to construct the duct included an obligation to provide and install an exhaust fan within the portion of the duct to be installed by it; and this issue was properly left to the jury, since damages proximately resulting from a breach of a landlord's covenant to make repairs are recoverable by the tenant. *Lewis & Co.* v. *Chisholm*, 68 *Ga.* 40 (3); *Stewart* v. *Lanier House Co.*, 75 *Ga.* 582 (1). The general demurrer was properly overruled.

■ Error is assigned in the amendment to the motion for a new trial on a charge of the court as follows: "The measure of damages if the plaintiff is entitled to recover in this case is the cost that he necessarily expended in installing the special plumbing fixtures and features in connection with this restaurant, and the depreciation in the market value in his equipment that he purchased." The grounds of objection here are directed solely to that portion of the charge relating to the plumbing fixtures. In this connection, the original petition alleged that, "in relying on the terms of the lease [plaintiff] installed plumbing in the premises in the sum of [$322.93], and that the labor installation ran [$225.16], all for which your petitioner sues." The

trial court sustained a special demurrer to this item of damage with leave to amend, on the ground that "it is the conclusion of the court that this work added value to the lease and would be a part of the evidence tending to show the loss of value in the leasehold interest resulting from defendant's alleged breach." Acceding to this ruling, the plaintiff amended to allege that it was essential for the plumbing to be installed in order that he might begin operation of the business in accordance with the lease agreement, that the expenditure added value to the lease agreement and was in contemplation of the lessee remaining in possession of the premises for five years, and that as a result of the breach the leasehold was damaged in this particular in the sum of $558.09. It thus became the law of the case that the amounts expended on the plumbing were not proper amounts to be considered as special damages, although evidence of such expenditures would be proper in arriving at the value of the leasehold. *Cromer* v. *Dinkler*, 82 *Ga. App.* 227 (60 S. E. 2d, 482). Accordingly, under these pleadings, the court's charge that the plaintiff might recover directly the amounts expended by him for plumbing was error. The trial court overruled the motion for a new trial conditioned upon the plaintiff writing off the item of $322.93 cost of materials, which was done by agreement. The court should also have conditioned the order upon the plaintiff further writing off the item of $225.16, cost of labor on this equipment, as the error in the charge was, to this extent, harmful to the defendant.

■ From the evidence adduced upon the trial of the case it appears that the Smoke Abatement Bureau of the City of Atlanta had furnished to the parties a sketch of the work to be done to eliminate cooking odors, which sketch showed an exhaust fan connected into the duct at a point on the top of the kitchen roof, at a point where the lessor had agreed to install the duct, and it also appears that the lessor made no such installation. Whether or not the lessor's agreement to "pay the cost of the remaining portion of the duct" would include the cost of a ventilation fan in the portion of the duct it had assumed to provide, and whether or not failure to install the duct proximately caused the discontinuance of the plaintiff's business, were questions for the jury. As to the general grounds of the

motion for a new trial, "the verdict of a jury should not be set aside upon the assignment of error that it is without evidence to support it, if there is any evidence to support it, unless it be further made to appear, (a) that some ruling of the court improperly withheld evidence from the jury, (b) or illegally permitted the jury to consider testimony which should not have been submitted to them, or (c) that the court's instructions, as applied to the evidence, were erroneous, inapplicable or misleading." *Bush* v. *Fourcher,* 3 *Ga. App.* 43 (1) (59 S. E. 459) ; *Middleton* v. *Waters,* 205 *Ga.* 847 (5) (55 S. E. 2d, 359). Similarly, as to the depreciation in the market value of the restaurant equipment, the uncontradicted evidence of the plaintiff was sufficiently circumstantial to establish the market value of the equipment before and after the breach of the contract. The restaurant was in operation only three months. The plaintiff testified: "The total cost of the equipment was $5,210.55. I considered that the fair market value of that equipment. I bought it and I thought I was doing all right with it. I have had about 15, 18 years' experience in the actual operation of a restaurant business. I considered what I paid for the fixtures there a fair market value. I shopped before I bought it. After I left the premises I made two contacts to sell the equipment. I went to the Atlanta Fixture Company, I believe, on Pryor Street, and they wouldn't buy it. I made an effort there to establish the fair value of this property. I also went around the corner, on Alabama Street, to the Murray Fixture and Hotel and Restaurant Supply, I think it is. They have been in business a number of years. They placed the market value of my equipment. . . The figure I have before me is $2,514.50. I considered it a fair value. I have been in the business between 15 and 18 years." This evidence was a sufficient basis for submission of this issue to the jury. See *Baker* v. *Goddard,* 205 *Ga.* 477, 482 (10) (53 S. E. 2d, 754) ; *Southern Ry. Co.* v. *Thacker,* 50 *Ga. App.* 706 (179 S. E. 225). The general grounds of the motion for new trial are without merit, and there is no error except as pointed out in division two, supra, of this opinion.

*Judgment affirmed on condition that the plaintiff write off $225.16 from the amount of recovery; otherwise reversed. Gardner, P. J., and Carlisle, J., concur.*