38651. GENERAL GAS CORPORATION v. CARN.
38652. CARN v. GENERAL GAS CORPORATION.

DECIDED APRIL 21, 1961.

544

*Hitch, Miller & Beckmann, Martin, Snow, Grant & Napier,* for plaintiff in error.

*Cheatham, Bergen & Sparkman, Frank S. Cheatham, Jr.,* contra.

BELL, Judge. The two questions determinative of this case are (1) whether the trial court erred in granting the motion for summary judgment and (2) if the summary judgment was properly granted, was it granted in the correct amount. Here the summary judgment was granted upon the whole case.

Under the Georgia summary judgment statute (*Code Ann.* Ch. 110-12), the function of the motion is to avoid a useless trial where there is no genuine issue as to any material fact. In no sense does the statute authorize the courts to sit as both judge and jury, for where there is a genuine issue as to any material fact a trial in the normal process is as absolutely essential today as it was prior to the enactment of the summary judgment procedure. Thus, it will always be error for a trial court to grant a motion for summary judgment upon a whole case or for all the relief asked where a genuine issue of material fact exists in the case. The first duty, then, of any court, before ruling on a motion for summary judgment upon the whole case or for all the relief asked is to determine whether there actually exists a genuine issue of material fact. See *Caldwell v. Mayor &c. of Savannah,* 101 Ga. App. 683, 684 (115 S. E. 2d 403). But the presence of a genuine issue in the case must be apparent in some manner other than by a mere allegation in the petition and the denial of the allegation in the answer, for "We think the legislature had as a primary purpose in enacting the summary judgment procedure to allow a party to pierce the allegations of the pleadings and show the truth to the court and receive judgment where there is no genuine issue of material fact, although an issue may be raised by the pleadings." *Scales v. Peevy,* 103 Ga. App. 42 (119 S. E. 2d 193).

■ In the present case the sole matter in dispute is the interpretation to be applied to a particular paragraph of a written employment contract. This paragraph reads as follows: "Mr. Carn is to receive 15% of net profits of the Savannah and Brunswick Districts over and above $40,000 for the fiscal year 1959 during time he is District Manager. He is to [be] paid percentage of profits at end of fiscal year or at time of termination of his services. It is specifically understood that this percentage of profits is to be paid only on net profits earned during the term of Mr. Carn's employment."

The contention of Mr. Carn is that the proper interpretation of this provision is that the $40,000 annual quota should be prorated for the part of the year he worked and, therefore, the applicable portion of the quota for the first three months of the year should be $10,000; that the company earned during the first three months the sum of $40,310.92 and earned more than $40,000 for the entire fiscal year; and, therefore, he is entitled to 15 percent of the net profits over $10,000, which is 15 percent of $30,310.92, thus entitling him to judgment in the amount of $4,546.64.

The interpretation of the contract provision urged by the General Gas Corporation is that Mr. Carn would be entitled to 15 percent of the net profits over $40,000 earned by the company during the first three months of the year; that since the company earned, during the first three months, the sum of $40,310.92, and earned more than $40,000 for the entire fiscal year, Mr. Carn would be entitled to 15 percent of $310.92, which equals $46.46.

The question thus arises as to whether this contractual provision is a question of law for the court to construe under the authority of *Code* § 20-701 or is the provision so filled with ambiguities that the meaning becomes a factual matter for the jury to determine. *Atlanta Baggage & Cab Co. v. Loftin*, 88 Ga. App. 98 (76 S. E. 2d 92). In *McCann v. Glynn Lumber Co.*, 199 Ga. 669, 679 (34 S. E. 2d 839), the Supreme Court stated:

". . . a mere lack of clarity on casual reading is not the criterion for determining whether a contract is afflicted with ambiguity within the rule as to the admission of parol evidence to explain its meaning. Nor is a contract ambiguous within

that sense merely because it may be even difficult to construe. The construction of a contract, if needed, being a question of law for the court, as well as a duty that rests upon the court, there can be no ambiguity within the rule to which we have referred, unless and until an application of the pertinent rules of interpretation leaves it really uncertain which of two or more possible meanings represents the true intention of the parties."

We think the trial court correctly interpreted the clause to mean that the plaintiff was entitled to recover three-twelfths, the fraction of the year he worked under the contract, of 15 percent of the profits for the fiscal year 1959 in excess of $40,000. The first sentence of the disputed provision provides, "Mr. Carn is to receive 15 percent of net profits of the Savannah and Brunswick Districts over and above $40,000 for the fiscal year 1959 during time he is District Manager." This sentence, as we view it, establishes a condition precedent to the receipt of any further money by Mr. Carn that the company earn a net profit in the fiscal year of over $40,000. The next sentence provides that if Carn works the entire year, he will receive the stipulated percentage of the profits for the entire year, or, if he works less than the year, as he did, then the measure of his profits will be determined by the fraction of the year he worked under the contract in the position of district manager. Even if there were to be irreconcilable conflicts between the first sentence and the last two sentences in the paragraph, the first one would prevail. *Whitney v. Hagan*, 65 Ga. App. 849, 852 (16 S. E. 2d 779). Any other interpretation of this sentence would create an impossibility of performance, since the amount due Carn could not be computed until the fiscal year was over, when it could be determined whether the company had earned net profits of over $40,000, and, if so, how much above the $40,000 had been earned. Obviously, Mr. Carn would not be entitled to any amount except 15 percent of the earnings above $40,000 for a fiscal year. It is equally evident that the amount of these earnings could only be determined at the end of the fiscal year.

The evidence discloses that the net profits actually earned by the company during the fiscal year totaled $90,296.28 in the district. Since Mr. Carn worked three-twelfths of the year, or one-

fourth of the year, the trial court correctly ruled that he would be entitled to one-fourth of 15 percent of the net profits above $40,000 earned during the fiscal year.

It thus appears that there is no issue of material fact in the case; the only issue present for determination by the court was a matter of the construction of an unambiguous contract, and summary judgment for Mr. Carn in the amount of $1,886.11 was properly entered.

The only remaining matter for determination is whether the trial court correctly included in its judgment interest upon the amount due Carn at 7 percent, to be computed from the first day of January, 1960. Under the interpretation of the trial court as approved here, it is obvious that the interest could not begin to run until the plaintiff's share of the profits could be determined, and this share of the profits could only be determined at the end of the fiscal year. The order of the trial court granting interest on the judgment from the first day of the next succeeding fiscal year, in this case January 1, 1960, was correct.

*The judgment of the trial court is affirmed in Cases 38651 and 38652. All the Judges concur, except Felton, C. J., who dissents.*

FELTON, Chief Judge, dissenting. It is my opinion that the contract involved was unambiguous and that under the undisputed facts the court should have rendered a judgment in favor of the plaintiff for the sum of $46.46. The last pertinent provision in the contract removes all doubt as to its meaning. That part is as follows: "It is specifically understood that this percentage of profits is to be paid only on net profits earned during the term of Mr. Carn's employment." This may not be what the parties intended to agree upon but that is no concern of this court. Under the plain terms of the contract the plaintiff was not entitled to any percentage of profits or any net profits earned after the termination of Mr. Carn's employment. I think the court erred in finding that it was the intent of the parties that the profits were to be calculated on a yearly basis only, because such a finding is absolutely in contradiction of the plain and unambiguous terms of the contract.