## 40917. GOFF v. COOPER.

DECIDED SEPTEMBER 23, 1964.

*Frank Sutton,* for plaintiff in error.

*Reinhardt, Ireland & Whitley, D. C. Ireland, Glenn Whitley,* contra.

JORDAN, Judge. ■ The sole issue raised by the counter affidavit to the motion for summary judgment was that of the interpretation to be placed upon the written agreement of June 4, 1962, which provided in part as follows: "This indenture, made and entered into on this 4th day of June, 1962 by and between Mrs. Mildred Brinson Cooper, to be hereinafter referred to as grantor, and Levy Goff, to be hereinafter referred to as grantee, both of said parties being residents of said state and county, witnesseth;

"Whereas, the said grantor and grantee have heretofore entered into an agreement whereby the said grantee does rent from the said grantor the property hereinafter described at and for the rental payments of $125.00 per month, beginning June 15, 1962.

"Now, therefore, for and in consideration of the aforesaid rental payment, the said grantor hereby agrees and does hereby grant to the grantee his heirs, administrators, executors and assigns, the right, option, and privilege to purchase the property hereinafter described at any time within 36 months from the date of this option for the total sum of eighteen thousand and no/100 dollars ($18,000.00) to be paid, at the option of the grantor, either all cash or in equal installments running for a period of not more than 5 years from the date of the exercising of this option, with interest on the unpaid balance thereof at 6% per

annum, it being understood that all rental payments paid during the term of this option shall be credited to and deducted from the aforesaid total purchase price.

"The said grantor, by herself, her heirs, administrators and assigns hereby warrants and covenants with the said grantee that upon the said grantee's election to exercise this option and payment of the aforesaid purchase price, or the giving of notes upon the balance of said purchase price that she will execute and deliver to said grantee fee simple title to said property and will warrant and defend the title to said property against all persons whomsoever.

"It is further understood and agreed that during the aforesaid rental of said property by the said grantee, the said grantor will maintain and keep up the roof of the building located upon said property."

Did this agreement simply give the defendant an option to purchase the disputed premises within 36 months, as contended by the plaintiff, or did the agreement also constitute a written lease of the premises to the defendant for a term of 36 months, as contended by the defendant? Before reaching this issue, however, we must first ascertain if the construction of this agreement was a question of law for the court, in which event the case could be properly adjudicated on motion for summary judgment, *General Gas Corp. v. Carn*, 103 Ga. App. 542 (2) (120 SE2d 156), or whether the contract was so filled with ambiguities that its interpretation was a factual matter for a jury to determine. *Atlanta Baggage &c. Co. v. Loftin*, 88 Ga. App. 98 (76 SE2d 92).

As stated by the Supreme Court in *McCann v. Glynn Lumber Co.*, 199 Ga. 669, 679 (34 SE2d 839): "[A] mere lack of clarity on casual reading is not the criterion for determining whether a contract is afflicted with ambiguity within the rule as to the admission of parol evidence to explain its meaning. Nor is a contract ambiguous within that sense merely because it may be even difficult to construe. The construction of a contract, if needed, being a question of law for the court, as well as a duty that rests upon the court, there can be no ambiguity within the rule to which we have referred, unless and until an application

of the pertinent rules of interpretation leaves it really uncertain which of two or more possible meanings represents the true intention of the parties." "The cardinal rule in the construction of contracts is to ascertain the intention of the parties . . . The language which the parties have used will be looked to for the purpose of finding that intention, which when it is once ascertained will prevail over all other considerations, in determining the nature of the agreement." *McKibben v. Fourth Nat. Bank*, 32 Ga. App. 222 (1) (122 SE 891); *Code* § 20-702.

When viewed in the light of these principles, it cannot be said that this agreement was so filled with ambiguities as to require its construction by a jury rather than by the court; nor can it be said that the court incorrectly ascertained the intention of the parties as expressed in the clear and unambiguous language of the agreement.

The agreement of June 4, 1962, simply granted to the defendant the right to purchase the subject property within a period of 36 months. It did not create, nor in any way purport to create, the relationship of landlord and tenant between the parties for a like period of time, but expressly recognized that the defendant was in possession of the property under a separate and pre-existing rental agreement executed by the parties. The subsequent references in the option contract to the "rental agreement" between the parties were clearly made with respect to the pre-existing agreement, and did not show that the option contract itself constituted a lease of the premises. The agreement did not contain the usual terminology found in a lease, and granted to the grantee only the "privilege to purchase the property hereinafter described at any time within 36 months from the date of this option." In addition, and in our view most convincing as to the intent of the instrument, it was entitled "Option to Purchase." We must look to the language used by the parties, and this language clearly shows that the parties have denominated the agreement solely an option to purchase. Once this intent is clearly expressed by the parties we cannot read into the agreement contrary inferences.

The trial court did not err therefore in holding that the defendant was not in possession of the premises under a written

lease for a specific term but that the defendant was in possession of the property as a tenant at will under the pre-existing oral agreement entered into by the parties. This tenancy was properly terminated on August 15, 1963, upon the giving and expiration of the statutory notice; and the plaintiff was therefore entitled to dispossess the defendant by making demand for possession and instituting these proceedings.

■ The trial court did err, however, in computing the damages to be awarded the plaintiff as double rent. While the record shows that the tenancy at will was terminated on August 15, 1963, a demand for possession of the premises was not made until October 22, 1963, and double rent should have been computed from the date of the demand for possession rather than from the earlier date when the tenancy at will was terminated. Double rent cannot be recovered from a tenant prior to demand for possession. *Talley v. Mitchell,* 138 Ga. 392 (75 SE 465) ; *Stanley v. Stembridge,* 140 Ga. 750 (4) (79 SE 842). The giving by the landlord to the tenant of two months' notice as required by *Code* § 61-105 to terminate a tenancy at will is not such a demand for possession of the premises as will authorize issuance of a dispossessory warrant or the recovery of double rent. *Beveridge v. Simmerville,* 26 Ga. App. 373 (4) (106 SE 212).

The trial court erred therefore in awarding double rent from August 15, 1963, rather than from October 22, 1963, the date of the demand for possession; and the judgment will be affirmed on condition that the excess amount of damages be written off by the plaintiff within 10 days from the receipt of the remittitur in the court below. Otherwise the judgment will be reversed.

*Judgment affirmed on condition. Bell, P. J., and Eberhardt, J., concur.*