43954.  JERRY LIPPS, INC. v. LEWALLEN et al.

DEEN, Judge.  Lewallen filed suit for damages for personal injuries against DeLoach and Jerry Lipps, Inc., alleging that he was injured at approximately 5:30 p.m. on November 1, 1967, in a collision between his farm tractor and a tractor-trailer unit owned by DeLoach and leased to Lipps.  On Lipps' motion for summary judgment it appears that the defendants operated under a one-way lease agreement from St. Louis, Mo., to Baldwin, Ga., carrying freight which Lipps was moving between those points, the lease stipulation as to duration being as follows: "It is agreed that this agreement shall cover the period of time from the commencement of loading the motor vehicle to the termination of the unloading." It is undisputed that the termination of the unloading occurred at approximately 4:30 p.m. on November 1 at a point alleged in the petition as being approximately one-half mile northwest of the municipal limits of Baldwin, Ga.  The location was not admitted by the defendant, and plaintiff filed no response to the motion.  *Held:*

The presence of a genuine issue of material fact must, on motion for summary judgment, be apparent in some manner other than mere allegations in the pleading.  *General Gas Corp. v. Carn,* 103 Ga. App. 542 (120 SE2d 156).  Whether or not the injury occurred outside the municipal limits of Baldwin, and whether or not the vehicle had passed through the town prior thereto (neither of which facts appears) the lease by its terms terminated when the unloading of the freight terminated.  It is not contradicted that this was accomplished approximately one hour before the collision.  Where a contract provision is unequivocal and unambiguous, it is error to submit its construction to the jury.  *Mergenthaler Linotype Co. v. Glover Printing &c. Co.,* 58 Ga. App. 634 (199 SE 756).  The lease ended upon the occurrence of the event which was to terminate it under the plain provisions of the lease agreement, and Jerry Lipps, Inc. thereafter had no liability for negligence in the operation of the vehicle.  The court erred in denying this defendant's motion for summary judgment.

*Judgment reversed.  Jordan, P. J., and Pannell, J., concur.*
SUBMITTED SEPTEMBER 10, 1968—DECIDED OCTOBER 8, 1968.

*Whelchel, Dunlap & Gignilliat, James A. Dunlap,* for appellant.