## 50835. VITIAZ v. CHRYSLER CREDIT CORPORATION.

PANNELL, Presiding Judge.

1. There was no error in granting the defendant additional time in which to file responsive pleadings to the complaint, without the consent of complainant. See Section 6 (b) of the Civil Practice Act (Ga. L. 1966, pp. 609, 617; Code Ann. § 81A-106 (b)).

2. The fact that the complaint for damages was sworn to and the answer was not sworn to was not ground for dismissing the answer, there being no requirement for sworn pleadings in such cases.

3. (a) Where the holder of a security interest on an automobile securing the purchase price thereof was notified by the debtor that the automobile had been stolen, and subsequently the holder was notified by the police of another state that the car had been impounded and would be sold to pay certain charges and liens incurred in the other state; and the holder paid such charges and secured possession of the automobile and notified the debtor owner that the automobile had been repossessed under the contract due to default in payments and declared the balance due, and stated that unless the balance due be paid, the automobile would be sold after 10 days from receipt of the notice, and where the debtor was at that time not in default in his payments and when he contacted the defendant was advised he must pay balance plus the expenses of repossessing the automobile, and where subsequently the sale was had and the debtor with full knowledge of the facts accepted and cashed a check for

the alleged balance of the proceeds of the sale after deduction from the sale price of the expenses of the repossession, etc., less the alleged balance due, the debtor is estopped to claim the sale of the automobile was illegal or void or claim damages for the conversion thereof. *Hardin v. Knox Corp.*, 93 Ga. App. 491 (92 SE2d 249) citing *Roney v. Tutt,* 113 Ga. 815 (39 SE 293); *Parks v. Williams,* 137 Ga. 578 (73 SE 839); *Chapman v. Commercial Nat. Bank,* 86 Ga. App. 178 (71 SE2d 109).

(b) It appears, however, that the complaint alleged that "[w]hen defendant wrongfully took plaintiff's automobile defendant also converted to its own use the following personal property which was located in the automobile:

(1)  A colored television.................... $400.00
(2)  Over $500 worth of carpenter tools....  500.00
(3)  Over $100 worth of car tools ..........  100.00
(4)  Five Suit Cases full of clothes
    and other personal items................ 2,000.00
    Total  ...........$3,000.00

The evidence and materials presented on the motion failed completely to touch the question of conversion of the personal property other than the automobile. The burden is upon the defendant movant to prove there is no issue of material fact and until the pleadings of the complaint are "pierced" by evidence of the proper degree of certitude (Section 56 (c) of the Civil Practice Act (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238); Code Ann. § 81A-156 (c)) the issues as made by the pleadings stand and are for a jury to determine upon a trial of the case. *Watkins Products v. England,* 123 Ga. App. 179 (180 SE2d 265); *Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783, 785 (195 SE2d 277). There appear, however, to be some cases decided by this court indicating a contradictory concept. This court in *Jerry Lipps, Inc. v. Lewallen,* 118 Ga. App. 479 (164 SE2d 232) stated: "The presence of a genuine issue of material fact must, on motion for summary judgment, be apparent in some manner other than mere allegations in the pleadings," citing *General Gas Corp. v. Carn,* 103 Ga. App. 542 (120 SE2d 156) as authority therefor. This ruling was made therein without any qualifications that this statement applied only after the

pleadings were pierced; although in that case it appears without dispute that the pleadings were pierced and a summary judgment demanded. This court again in *Gregory v. Vance Pub. Corp.*, 130 Ga. App. 118, 120 (202 SE2d 515) quoted and followed the ruling in *Jerry Lipps v. Lewallen,* supra, and stated "[p]leadings, unsupported by evidence at the hearing on a motion for a summary judgment, do not raise factual issues that prevent granting of the judgment. *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 303 (138 SE2d 580)." Again, the ruling was made without any reference to the fact that the pleadings were or were not pierced. In the full court decision in *Alexander v. Boston Old Colony Ins. Co.*, 127 Ga. App. 783, 785 (2), supra, this court, in an opinion written by Judge Stolz, said: "The cases of *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580); *Jerry Lipps, Inc. v. Lewallen,* 118 Ga. App. 479 (164 SE2d 232), and *Scales v. Peevy,* 103 Ga. App. 42 (3) (118 SE2d 193), do not require the conclusion that the plaintiff's unsupported pleading failed to raise any genuine issue of fact, since those cases are distinguishable in that, in each of them, the movant defendant's showing on the motion pierced the material issues made by the pleadings, thereby requiring an evidentiary response by the plaintiff respondent. Nor did the enactment of Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238) ([§ 56] of the Civil Practice Act), eliminate the requirement that the pleadings be pierced. See 6 Moore's Federal Practice, § 56.11 [3], pp. 2162-2164. Since the defendant introduced no evidence on this issue made by the plaintiff's amendment to the pleading, this allegation, not being refuted by any evidence, remains a material issue in the case; therefore, the defendant's motion for summary judgment should have been denied." We agree with that decision that the rulings in *Crutcher v. Crawford Land Co.,* 220 Ga. 298, supra, and *Jerry Lipps, Inc. v. Lewallen,* 118 Ga. 479, supra; *Scales v. Peevy,* 103 Ga. App. 42 (3) (118 SE2d 193) do not hold anything inconsistent with the opinion expressed above. Nor does *General Gas Corp. v. Carn,* 103 Ga. App. 542, supra. It was only in *Jerry Lipps, Inc. v. Lewallen,* 118 Ga. App. 479, supra, and *Gregory v. Vance Pub. Corp.* 130 Ga. App. 118, 120, supra, that the statements made were not qualified

in the opinion itself, showing that the rule was operable only after the pleadings were pierced. The pleadings were sufficiently pierced in *Jerry Lipps, Inc. v. Lewallen,* supra, and whether they were sufficiently pierced in *Gregory v. Vance Pub. Corp.,* supra, it is not necessary to decide. We merely hold that the unqualified statement that the pleadings do not make an issue on motion for summary judgment is an incorrect and misleading statement of the law.

The judgment here is reversed because of the granting of the summary judgment as to conversion of the personal property other than the automobile. As to the granting of a summary judgment seeking recovery for conversion of the automobile, the trial judge was correct, and his judgment in that respect is affirmed.

*Judgment affirmed in part and reversed in part. Quillian and Clark, JJ., concur.*

ARGUED JUNE 26, 1975 —DECIDED SEPTEMBER 2, 1975.

*Grace W. Thomas,* for appellant.

*Hurt, Richardson, Garner & Todd, Sam E. Thomas, W. Seaborn Jones,* for appellee.