62499. SMITHS' PROPERTIES, INC. v. RTM ENTERPRISES, INC.

DEEN, Presiding Judge.

RTM Enterprises leased a building from Smiths' Properties which was constructed according to appellee's specifications for use as an Arby's Restaurant. The lease was for a twenty-year period with an option permitting RTM to extend for three additional periods of five years each upon the same terms and conditions. On August 3, 1979, Smiths' filed a dispossessory warrant seeking to regain possession of the property alleging "that tenant is holding said real property and premises over and beyond the term for which the same was rented or leased to him." At trial, Smiths' contended that it had properly exercised its right to terminate the tenancy because of a breach. The sole breach alleged was the discharge of grease into the sewer line serving the property. Smiths' appeals from the grant of a directed verdict in favor of RTM.

1. The trial court did not err in barring Smiths' motion in limine seeking to bar the defendant from introducing any evidence bearing on the motives of Smith in bringing this action. RTM contends that the eviction proceeding was not brought because of a true belief that there had been a lease violation, but because the lessor wanted to obtain a higher rental for the property during the remainder of the leasehold period. RTM expected to present as evidence attempts by Smiths' to renegotiate the existing lease with RTM at a higher rental rate after the lessor had already made attempts to terminate it. *Cunningham v. Moore,* 60 Ga. App. 850 (5 SE2d 71) (1939), is not controlling in this case because that dispossessory action was based solely upon nonpayment of rent where nonpayment was admitted. As the court pointed out "[u]nder the undisputed facts no imposition, deceit, or fraud marks the conduct of the plaintiff in his dealings with the defendants; and, indeed, the pleadings raise only questions of law." *Cunningham,* supra, at 858. In the present case, the defendant raises the issues mentioned.

2. The trial court correctly directed a verdict in favor of the defendant by holding that the mere allowance of grease into the sewer system with no accompanying damage or blockage occurring on the leased premises would not constitute a breach of the lease.

The provision in question provides: "Lessee, at all times and at its own cost, will keep and maintain, in good state of repair the interior and exterior of the building upon the demised premises and the improvements thereon, including but not limited to the utility systems, driveways and parking areas . . ."

Under Code Ann. § 20-701, the construction of a contract is a question of law for the court. Where the contract is unambiguous, it is the duty of the court to construe it, and in so doing, the court must put a fair and reasonable construction thereon. *Whitney v. Hagan,* 65 Ga. App. 849 (16 SE2d 779) (1941); *Holcomb v. Word,* 239 Ga. 847 (238 SE2d 915) (1977). " '[I]n cases of doubt, in contests between landlords and tenants, the issue will be resolved in favor of the tenant.' *Oastler v. Wright,* 201 Ga. 649, 652." *Gay v. American Oil Co.,* 115 Ga. App. 18, 21 (153 SE 2d 612) (1967). The trial court correctly interpreted the contract to mean the premises actually leased by the tenant and not the sewer system as a whole. There was no evidence that the tenant failed to repair and maintain the leased premises. There was testimony that the grease trap was regularly cleaned and the sewer backup caused in part by grease blockage did not occur on the lessee's premises but on the premises of a package store farther down the sewer line. Appellant's own expert witness testified that roots were found in the sewer line along with grease and he admitted that a certain amount of grease will get into the sewer system when dishes are washed, even with the use of a grease trap, and there is "nothing you can do about that . . ."

Accordingly, we find that the trial court did not err in granting RTM's motion for a directed verdict.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs specially.*

DECIDED OCTOBER 20, 1981.

*Mark A. Smith III,* for appellant.
*Philip S. Coe, F. Carlton King, Jr.,* for appellee.

CARLEY, Judge, concurring specially.

I concur in the judgment affirming the trial court's direction of a verdict in favor of appellee. I also fully agree with the discussion in Division 2 of the majority opinion with regard to the propriety of the

directed verdict based on the evidence in this case. However, I cannot agree with Division 1 of the opinion because I do not believe that this issue should be addressed on this appeal. Regardless of the correctness of the trial judge's action in denying appellant's motion in limine with regard to evidence of the motives of appellant in bringing the action, no such evidence was actually introduced at trial. The case was resolved by the direction of a verdict in favor of the appellee at the conclusion of appellant's evidence. We have held that the verdict was correctly directed. Accordingly, the issue relating to the denial of the motion in limine is moot.