## 64986. SMITHS' PROPERTIES, INC. v. MUNFORD, INC.

SHULMAN, Chief Judge.

This appeal arises from a bench trial and judgment in favor of the defendant/counterclaimant against the plaintiff in this dispossessory action. The appeal is limited to appellant's challenge to one finding of fact and two conclusions of law made by the trial judge.

1. This action is based on appellee/tenant's alleged failure to make certain repairs to the plumbing and the parking area situated on the subject premises. The trial court found as a matter of fact that the "failure to the parking lot was caused by a relatively thin section of pavement and by the process of aging, and was not the result of the subject water leak." Although the record contains evidence to the contrary, it also contains ample evidence to support this finding of the trial court. It is axiomatic that this court does not sit as a trier of fact and weigh the evidence, and that "[w]here the trial judge, sitting as the trior of the facts, hears the evidence, his finding based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. [Cits.]" *Lester Colodny Constr. Co. v. Allen,* 129 Ga. App. 545 (199 SE2d 917). It is clear that appellant's first enumeration of error is without substantive merit.

2. Appellant's second enumeration of error challenges the trial court's conclusion of law that the water pipes in question, located "in or under the concrete slab on which the [subject] building is situated," constitute "an 'outside utility line' as contemplated under the lease" and are thus the responsibility of appellant as landlord. "Where the contract is unambiguous, it is the duty of the court to construe it, and in so doing, the court must put a fair and reasonable construction thereon. [Cits.]" *Smiths' Properties, Inc. v. RTM Enterprises,* 160 Ga. App. 102, 103 (286 SE2d 334). The trial court's interpretation of the phrase "outside utility line" as including pipes located in or under the concrete slab upon which the subject building is located is clearly "a fair and reasonable construction" of that provision under the facts of this case. Accordingly, the trial court did not err in reaching this conclusion of law.

3. The third enumeration of error challenges the trial court's alternative conclusion of law holding that any alleged default by appellee was cured under the default provisions of the lease. Based on our holding in Division 2, the question presented by this enumeration is moot.

*Judgment affirmed. Quillian P. J., concurs. Carley, J., concurs specially.*

DECIDED JANUARY 26, 1983.

*Mark A. Smith III,* for appellant.
*Clifford Oxford, Jack A. Wotton,* for appellee.

CARLEY, Judge, concurring specially.

I wholeheartedly agree with the result reached in this case. With regard to Division 2, however, the majority quotes from *Smiths' Properties, Inc. v. RTM Enterprises,* 160 Ga. App. 102, 103 (286 SE2d 334) (1981) as follows: "Where the contract is unambiguous, it is the duty of the court to construe it, and in so doing, the court must put a fair and reasonable construction thereon. [Cits.]" The majority then proceeds to hold that the interpretation placed by the trial court upon the disputed phrase was clearly "a fair and reasonable construction." With this conclusion of the majority I agree. However, it appears that the majority's approval of the trial court's construction is premised upon the contract being unambiguous. Frankly, I think that the phrase in question is ambiguous. However, this was a bench trial and, therefore, the construction of the contract was solely up to the trial judge whether the relevant language thereof was ambiguous or not.