68945. BROWN v. WTA/CHC, INC. et al.

(324 SE2d 205)

BIRDSONG, Presiding Judge.

Default Judgment — Sufficiency of Service. WTA/CHC, Inc. d/b/a World Travel Advisors purchased certain airline tickets for one Peters. Peters used Brown's credit card as a credit to pay WTA for the services rendered and then denied authority to use the card and denied liability. The tickets were sold by Peters and Brown. World Travel Advisors has been unable to regain either the tickets or the contract amount of the ticket purchases. Suit was filed against Peters and Brown on January 17, 1983. Service was effected by a Deputy Sheriff Bowdoin at 175 Houston Street N.E. on January 24, 1983, on both Peters and Brown. No answer having been filed by either Peters or Brown by March 25, 1983, a period of 50 days, default judgment was entered against both Peters and Brown.

On July 5, 1983, Brown moved the court to set aside the default judgment alleging that the complaint was served upon Peters alone at 175 Houston Street, her acknowledged place of business and that she accepted (without authority) process on behalf of Brown. Peters filed an affidavit asserting that Brown was not her employer and she had no authority to accept service in his behalf. Brown denied being personally served and maintained he learned of the suit long after the default had been entered.

World Travel Advisors countered with the affidavit of Deputy Bowdoin in which Bowdoin affirmed that he personally served a copy of the summons and complaint upon a person at 175 Houston Street who identified himself as Brown. Bowdoin also served Peters personally at which time Peters identified the male person Bowdoin served as being Brown. On the same day, Bowdoin returned the entry of personal service upon Brown.

Upon considering these disputed facts, the trial court denied Brown's motion to set aside the default. Brown brings this appeal urging error in the court's refusal to set the judgment aside. *Held:*

One who challenges the sufficiency of service of process bears the burden of showing improper service. *Patterson v. Coleman,* 252 Ga. 152 (311 SE2d 838); *Norman Service Indus. v. Lusty,* 168 Ga. App. 164 (308 SE2d 411). Moreover, once a return of service is made show-

ing personal service, that return of service can only be set aside upon evidence which not only is clear and convincing, but the strongest of which the nature of the case will admit. *Patterson v. Coleman*, supra. In addition to the presumption that the entry of service imports verity, that return of service constitutes a prima facie showing that personal service was accomplished on Brown. *Harvey v. Harvey*, 147 Ga. App. 154 (248 SE2d 214).

This record discloses no legal or procedural irregularities nor does Brown assert such. There is nothing more than a dispute of fact. Factual findings and credibility issues are for the trier of fact (here the trial court) and an appellate court will not disturb such findings if there is evidence to support those findings. *Dudley v. Snead*, 250 Ga. 804 (301 SE2d 480); *Smiths' Properties v. Munford, Inc.*, 165 Ga. App. 204 (300 SE2d 3). We find no reason to disagree with the trial court in this case.

Considering the simplicity of the issue before the trial court and the convincing nature of the supportive evidence, we conclude that this appeal was filed only to delay World Travel Advisors in collecting its valid judgment. Where there is no valid reason for Brown to anticipate reversal of the trial court's judgment, the appeal will be considered as having been filed for purposes of delay. Pursuant to OCGA § 5-6-6 and on the motion of appellee World Travel Advisors, an award of damages in the amount of 10 percent of the judgment is granted. *Hanover Ins. Co. v. Scruggs Co.*, 162 Ga. App. 640 (292 SE2d 493).

*Judgment affirmed with direction. Carley and Beasley, JJ., concur.*

DECIDED NOVEMBER 16, 1984.

*P. Andrew Patterson, Jr.*, for appellant.
*Kenneth L. Millwood, E. Kendrick Smith*, for appellees.