## A94A1841. TRUMPET v. BROWN.
(450 SE2d 316)

RUFFIN, Judge.

Defendant, Romeo Trumpet appeals from the trial court's grant of a writ of possession and a judgment for unpaid rent.

Trumpet, as tenant, and Stephen Brown, as landlord, entered into a residential lease. After the lease term expired, Trumpet remained in possession of the property with Brown's consent. On February 9, 1994, Brown notified Trumpet he was terminating the lease in 30 days. On March 9, 1994, Brown filed suit against Trumpet, alleging he failed to pay rent when due and was a tenant at sufferance.

By letter dated March 10, 1994, Brown demanded past due rent and possession of the premises. Trumpet answered the complaint alleging he did not owe rent to Brown due to an IRS levy against Brown's assets.

1. Trumpet asserts the notice of levy he received from the Internal Revenue Service was a defense to Brown's claim for past due rent. We disagree. 26 USCA § 6332 (e) provides "[a]ny person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, *surrenders* such property or rights to property (or discharges such obligation) to the Secretary . . . shall be discharged from any obligation or liability to the delinquent taxpayer. . . ." (Emphasis supplied.)

Trumpet cannot simply assert the receipt of the notice of levy as a defense to Brown's claim for rent. Before Trumpet could avail himself of that defense, and be discharged from his obligation to pay Brown rent, he had to pay the rent to the Internal Revenue Service. Since Trumpet did not pay rent pursuant to the levy, we find no error here.

2. However, we do agree with Trumpet that the trial court erred in ordering a writ of possession because Brown did not properly demand possession of the property. OCGA § 44-7-50 provides that in cases where a tenant fails to pay rent when it becomes due, the owner may demand possession of the property. If, after demand, the tenant fails to deliver possession of the property, the owner may file an action to recover possession. " '(I)n every case, a timely demand for possession is a condition precedent to the institution of dispossessory proceedings under . . . (OCGA § 44-7-50).' [Cits.]" *May v. Poole*, 174 Ga. App. 224, 227 (3) (329 SE2d 561) (1985).

In the instant case Brown did not demand possession until March 10, subsequent to the filing of his affidavit and complaint for possession on March 9. Furthermore, Brown's February 9, 30-day termination letter cannot serve as a demand for possession. Since Trumpet was a tenant at will, pursuant to OCGA § 44-7-7, Brown was required to give him 60 days notice of termination. "The giving by the landlord to the tenant of two months' notice as required by [OCGA § 44-7-7] to terminate a tenancy at will is not such a demand for possession of the premises as will authorize issuance of a dispossessory warrant. . . . [Cit.]" *Goff v. Cooper*, 110 Ga. App. 339, 344 (2) (138 SE2d 449) (1964). Finally, since 60 days had not expired since the notice of termination, a demand for possession would not have been proper because the tenancy had not yet terminated. See *Metro Mgmt. Co. v. Parker*, 247 Ga. 625, 629-630 (278 SE2d 643) (1981). Accordingly, we find since a proper demand was not made, the trial court erred in ordering a writ of possession to be issued.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Blackburn, J., concur.*

Decided November 21, 1994.

*Bernard & Associates, Patricia D. Bernard,* for appellant.
Stephen R. Brown, *pro se.*
*Melvin R. Brown,* for appellee.