A96A1895. BENNETT v. SOUTHEASTERN BANK.
(481 SE2d 830)

RUFFIN, Judge.
James L. Bennett appeals from the trial court's order granting Southeastern Bank ("Southeastern") summary judgment. Although Bennett raises five enumerations of error, each enumeration relates to the summary judgment order. For reasons which follow, we affirm.

Summary judgment is appropriate when the court, viewing all the evidence and drawing all reasonable inferences in a light most favorable to the nonmovant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but[,] rather[,] must point to specific evidence giving rise to a triable issue. [Cit.]" Id.

The record reveals the following facts. In May 1994, Bennett executed a deed to secure debt on certain property he owned as security to Southeastern for a promissory note. Bennett instructed Southeastern to automatically withdraw the monthly mortgage payments on the note from his checking account at the bank.

In April 1995, Southeastern received a notice of levy against Bennett's assets from the Internal Revenue Service ("IRS"). Southeastern informed Bennett of the levy and advised him that the bank

had placed a "hold" on his account for 21 days. Southeastern further informed Bennett that at the end of this 21-day period, it would be "required to send the amount of the lien from your account(s) to the Internal Revenue Service." Although Bennett demanded that Southeastern not make any payments to the IRS from his account, he was told that the bank had no choice but to comply with the levy. On April 28, 1995, Southeastern sent the IRS a check drawn from Bennett's account for $448.60.

After a May 1, 1995 deposit of $458, Bennett made no further deposits to his checking account or payments on the promissory note. As a result, Southeastern sent Bennett a notice of default and subsequently foreclosed against the secured property. On August 25, 1995, Bennett sued Southeastern for "misappropriating" funds and "evicting" him from his property.

Bennett now argues that the trial court erred in granting summary judgment to Southeastern on his claims. We disagree.

1. Southeastern did not "misappropriate" funds by turning over to the IRS assets from Bennett's checking account. The record clearly reveals that Southeastern received a notice of levy to collect money Bennett owed for unpaid taxes. Pursuant to the Internal Revenue Code, "any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made *shall, upon demand of the Secretary, surrender such property* or rights (or discharge such obligation) to the Secretary. . . ." (Emphasis supplied.) 26 USC § 6332 (a). No liability arises from complying with this mandatory requirement. "Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary . . . *shall be discharged from any obligation or liability to the delinquent taxpayer* and any other person with respect to such property or rights to property arising from such surrender or payment." (Emphasis supplied.) 26 USC § 6332 (e).

As required by the tax levy, Southeastern remitted funds from Bennett's account to the IRS. Southeastern is not liable to Bennett for complying with the levy. Id.; see also *Trumpet v. Brown*, 215 Ga. App. 299, 300 (1) (450 SE2d 316) (1994). Accordingly, summary judgment on this claim was proper.

2. The trial court also correctly granted summary judgment to Southeastern on Bennett's claim that the bank illegally "evicted" him from the property he provided as security for the promissory note. The record shows that after May 1, 1995, Bennett failed to make any payments on the note. Southeastern subsequently provided Bennett with notice of default for nonpayment, demanded payment, and eventually foreclosed on the property. The record reveals no contrary

evidence indicating that Bennett either submitted payment or was not otherwise in default and subject to foreclosure. Bennett has pointed to no specific evidence giving rise to a triable issue. *Lau's Corp.*, supra. Thus, this enumeration also lacks merit.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 30, 1997 —
RECONSIDERATION DISMISSED FEBRUARY 19, 1997.

James L. Bennett, *pro se.*
*Marvin L. Pipkin*, for appellee.